IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50359
Summary Calendar
_____

GREGORY THOMAS DICKERSON,

Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General,
State of Texas; WILLIAM C. ZAPALAC,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-387-JN
--------------------
October 26, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Thomas Dickerson, Texas prisoner # 592865, challenges the district court's dismissal as frivolous of his 42 U.S.C. § 1983 lawsuit against Texas officials, asserting that the application of the procedural bar to his prior 28 U.S.C. § 2254 habeas corpus petition was error. This is the same claim Dickerson raised in the prior habeas proceedings.

The district court's dismissal was not error because Dickerson's complaint was an attempt to relitigate the issue of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the procedural bar and was thus a challenge to the underlying constitutionality of his confinement; as such, it was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The instant appeal is frivolous and is therefore DISMISSED.  See 5th Cir. R. 42.2.

The district court's dismissal of the lawsuit counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and this court's dismissal is another strike.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Dickerson is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED.  SANCTIONS WARNING ISSUED.